**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| BONNIE L. PROSSER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:04-cv-0978-SEB-VSS |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Complaint for Judicial Review**

Bonnie L. Prosser ("Prosser") seeks judicial review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"), 42 U.S.C. § 301, *et seq*.

For the reasons explained in this Entry, the Commissioner's decision must be **remanded** for further proceedings.

**I.  BACKGROUND**

Prosser applied for DIB on November 27, 2000, alleging an onset date of October 11, 2000. Her application was denied initially and upon reconsideration. Her request for a hearing before an Administrative Law Judge ("ALJ") was granted, and such hearing was conducted on November 1, 2001. Prosser was present, accompanied by her attorney. Medical and other records were introduced into evidence, and Prosser, her husband, a medical expert and a vocational expert testified.

The ALJ denied Prosser's application on October 24, 2002. On April 9, 2004, the Appeals Council denied Prosser's request for review of the ALJ's decision, making the ALJ's decision final, *see Luna v. Shalala,* 22 F.3d 687, 689 (7th Cir. 1994), and this action for judicial review of the ALJ's decision followed. The court has jurisdiction over Prosser's complaint pursuant to 42 U.S.C. § 405(g), which provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . in [a] district court of the United States."

The ALJ's decision included the following findings: (1) Prosser had not engaged in substantial gainful activity since October 11, 2000, her alleged onset date; (2) Prosser was insured for benefits on that date and thereafter through March 31, 2005; (3) the medical evidence established that Prosser had "severe" impairments consisting of obesity, degenerative changes along her lumbar spine and arthralgias; (4) Prosser did not have an impairment or combination of impairments listed in, or medically equal to one listed in, the Listing of Impairments; (5) Prosser's testimony and statements about the intensity, persistence and limiting effects of her symptoms were inconsistent with the medical and other evidence; (6) Prosser had the residual functional capacity ("RFC") for a range of light work, as she could lift or carry ten pounds frequently, lift twenty pounds occasionally, stand or walk off and on for six hours during an eight-hour workday, sit intermittently, and use her hands and arms for grasping, holding and turning objects, but could not bend more than forty-five degrees at the waist nor do any repetitive twisting of her lower back; and (7) Prosser's RFC required no task inconsistent with her past relevant work as a waitress, data entry clerk or attendant at a self-service gasoline station. With these findings in hand, and through the application of applicable rules and regulations, the ALJ concluded that Prosser was not entitled to disability benefits.

## II.  DISCUSSION

### A.    Applicable Law

To be eligible for disability benefits, a claimant must prove she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1).

A five-step inquiry outlined in Social Security regulations is used to determine disability status. *Butera v. Apfel,* 173 F.3d 1049, 1054 (7th Cir. 1999).

> In order to determine whether an individual is entitled to disability insurance benefits, the ALJ must engage in a sequential five-step process which establishes whether or not the claimant is disabled. The claimant must show that: (1) he is not presently employed; (2) his impairment is severe; (3) his impairment is listed or equal to a listing in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) he is not able to perform his past relevant work; and (5) he is unable to perform any other work within the national and local economy. *Stevenson v. Chater*, 105 F.3d 1151, 1154 (7th Cir.1997); 20 C.F.R. § 416.920.

*Scheck v. Barnhart*, 357 F.3d 697, 699-700 (7th Cir. 2004).

2

The task a court faces in a case such as this is not to attempt a *de novo* determination of the plaintiff's entitlement to benefits, but to decide if the Commissioner's decision was supported by substantial evidence and otherwise is free of legal error. *Kendrick v. Shalala,* 998 F.2d 455, 458 (7th Cir. 1993). "Substantial evidence" has been defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison v. NLRB,* 305 U.S. 197, 229 (1938)).

### B. Analysis

The ALJ determined that Prosser had severe impairments of obesity, degenerative changes along her lumbar spine and arthralgias, but that she could perform some light work. Prosser argues that the ALJ's decision is flawed in several respects.

Prosser contends that the ALJ erred in evaluating her credibility. Prosser's primary complaint was severe pain in her lower back, neck, shoulder, legs, and hips.

The ALJ's discussion of Prosser's credibility was as follows:

> The claimant's testimony and statements about the intensity, persistence and limiting effects of her symptoms suggest a greater degree of impairment than what the objective medical evidence and other evidence shows. To being with, Dr. Hall, a treating neurosurgeon, characterized her back problems as "very mild" after reviewing an August 1997 MRI. He felt at that time that her condition was not serious enough to warrant surgery presumably in part because of the absence of nerve damage on laboratory tests or during clinical exams. I also note the claimant has a full range of motion in her back and legs.

(R. at 22).

The ALJ's reliance on a note from August 1997, over three years prior to Prosser's alleged onset of disability, is misplaced. Furthermore, the ALJ failed to recite and discuss the applicable rules and regulations for evaluating a claimant's credibility. *See* 20 C.F.R. § 404.1529; SSR 96-7p. The applicable criteria include: daily activities; the location, duration, frequency, and intensity of pain; precipitating and aggravating factors; type, dosage, effectiveness, and side-effects of medication; treatment, other than medication, for relief of pain; and the objective medical evidence and other evidence. *Id*. The fact that Prosser's allegations of pain suggested a greater degree of impairment than what objective medical evidence and other evidence showed is not dispositive. In fact, when considering an impairment such as fibromyalgia, which the ALJ acknowledged as one of Prosser's diagnoses, (R. at 20), it is improper to insist on finding "objective" data because the

symptoms of fibromyalgia are "entirely subjective."  *Sarchet v. Chater*, 78 F.3d 305, 306-07 (7th Cir.1996).

It is not evident from the ALJ's discussion that he considered the relevant factors in making his credibility determination.  For example, the ALJ mentioned in a footnote that Prosser took narcotic pain relievers and that they made her drowsy, but he failed to incorporate into his credibility determination the fact that she took such strong medication and suffered side effects. (R. at 23, n. 6).  As to Prosser's daily activities, the ALJ failed to mention the corroborating testimony given by Prosser's husband, who is retired and was with Prosser most of the time.  The ALJ concluded, merely, that Prosser's statements were inconsistent with the medical and other evidence. A meaningful evaluation of a claimant's credibility, in particular in a "pain" case such as this, requires much more analysis.

The ALJ pointed out alleged inconsistent statements by Prosser. "[C]ontrary to what she told the Administration, conservative treatment - - specifically epidural steroid injections and a back brace - - gave her 'good' relief from pain."  (R. at 23). This statement, however, is not an accurate reflection of the record.  Prosser underwent a number of injections for pain relief, and each time she reported "good improvements" of her pain over the initial 7 - 10 days, but then she experienced an increase in her discomfort, back to either baseline or at best a 15-40 percent improvement compared to her baseline.  (R. at 225-228, 186-187). The November 14, 2000 note from Dr. Miller stated that various modalities of treatment that had been tried in the past - - physical therapy, back brace, nonsteroidal anti-inflammatory drugs and muscle relaxants - - all had only limited benefits. (R. at 225).  The ALJ's credibility determination is not based on the appropriate criteria and is not supported by substantial evidence. For these reasons, the court cannot affirm the ALJ's assessment of Prosser's credibility.

Prosser also argues that in arriving at his RFC determination, the ALJ impermissibly relied on the opinion of a physician who did not incorporate her most significant impairments. Although the ALJ did not expressly acknowledge that he relied on the medical expert, the ALJ's RFC matched that given by Dr. Hutson during the hearing.  (R. at 23, 68). Dr. Hutson, however, testified that he did not account for any limitations caused by her fibromyalgia or her depression. (R. at 68-69). He considered only her obesity and degenerative disc disease.  *Id.*  In rejecting the opinion of treating physician Dr. Gonzales, the ALJ stated that "[t]hese limitations are excessive under the standard for weighing a treating physician's opinion (*see* 20 C.F.R. § 404.1527). They are not reasonably consistent with what the objective medical evidence shows and, given the views of other doctors, not well supported by substantial evidence."  (R. at 22).  The ALJ did not explain how the applicable regulation itself would make any particular limitations excessive, nor did he discuss Dr. Gonzales' specialty, the length of the treatment relationship, or other relevant "treating physician" criteria. In addition, as discussed above, the ALJ failed to acknowledge that much of Prosser's symptomatology might not be evidenced by objective data.  In sum, the ALJ failed in his obligation to "build an accurate and logical bridge from the evidence to [his] conclusions." *Blakes ex rel. Wolfe v. Barnhart,* 331 F.3d 565, 569 (7th Cir. 2003). For these reasons, the ALJ's RFC determination is not supported by substantial evidence. On remand, the ALJ shall bear in mind that an "ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory

opinion of a non-examining physician does not, by itself, suffice." *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003) (citation omitted).

For the sake of completeness, the court addresses Prosser's additional claims. She contends that the ALJ erred in finding that her mental impairment was not "severe." She argues that the ALJ failed to discuss the GAF of 45 assigned by the consultative psychologist Dr. Smith. (R. at 175-177). The ALJ did mention Dr. Smith's findings other than the GAF score, however, the ALJ relied, in most part, on the state agency psychologists who reviewed the opinion of Dr. Smith and other treatment records. (R. at 20-21, 171, 175,77). The state agency psychologists opined that Prosser did not have a severe mental impairment. (R. at 20, 171). The ALJ also considered Prosser's statements concerning her depression and the fact that her symptoms had improved with medication. (R. at 20-21). On remand, Prosser may submit additional evidence in support of her mental impairment, however, based on the record before the ALJ, substantial evidence supported his finding that Prosser's mental impairment was not severe.

Prosser further argues that the ALJ failed to make a particularized analysis of her past work before concluding that she could return to such work. The Commissioner admits that the ALJ erred in finding that Prosser could perform her past relevant work as an attendant at a self-service gasoline station. After hearing Prosser's testimony about her past work, the vocational expert testified that given her restrictions, Prosser could perform her past jobs as a waitress or data entry clerk as they were typically classified, consistent with the *Dictionary of Occupational Titles*. (R. at 71-76). This testimony provided an adequate basis for the ALJ's finding with regard to Prosser's ability to perform some of her past work. *See Steward v. Bowen*, 858 F2d 1295, 1300-01 (7th Cir. 1988). The vocational expert also testified that even if Prosser was restricted to simple, repetitive work, Prosser could perform a significant number of other jobs other than her past work. (R. at 72-73). Aside from any consequence of the ALJ's errors discussed in this Entry, there was no separate error at step four in finding that Prosser could perform her past relevant work.

### III.  CONCLUSION

An ALJ's "decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (citing *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002)).  For the reasons described, the ALJ's decision is not supported by substantial evidence and the court is required to **remand** the case to the ALJ for further consideration. *Melkonyan v. Sullivan,* 501 U.S. 89, 98 (1991) (a court may remand the case after passing on its merits and issuing a judgment affirming, modifying, or reversing the Commissioner's decision, a "sentence four" remand).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/13/2006

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana